SWAIN PHARMACY, INC., Respondent, v. REXALL DRUG AND CHEMICAL COMPANY et al., Appellants.

Third Department, November 8, 1963.

*Deyo, Turnbull, Turner & Normile* (*C. W. Turner* of counsel), for appellants.

*Twining & Fischer* (*Robert E. Fischer* of counsel), for respondent.

*Per Curiam.* The facts, for purposes of this motion, are, in essence, that respondent, who has had an exclusive franchise in the Town of Vestal for the retail sale of Rexall Products since July 30, 1941, was induced by one Landis Eby, a district sales manager for Rexall, in April of 1962 to release said franchise for the ostensible purpose of allowing one Paul Sivak, a Rexall dealer in Binghamton, to open a new Rexall franchised store in a Vestal Shopping Plaza. Mr. Eby told Mr. Swain, president of respondent, that the release had to be in blank to permit appellant Liggett, a wholly owned subsidiary of Rexall, to assume the lease of the store premises for Mr. Sivak and to facilitate financing. It developed, however, that Mr. Sivak had never been asked to open a store in the shopping center, though he was desirous of relocating, and that rather than a franchised store at all, a company-owned Liggett store was intended to be located at the shopping center. Respondent protested this turn of events, but beyond gaining an alleged admission from Mr. Eby that the release had been obtained through misrepresentation, it received little satisfaction. The present action was commenced by service of summonses on December 13, 1962.

It is clear in a proper case that after service of a summons but before issue is joined an examination before trial may be held to allow the plaintiff to ascertain facts to enable him adequately to frame his complaint (Rules Civ. Prac., rule 122). Appellants claim that such examination should not be allowed here because respondent has not shown reasonable grounds to indicate it has a meritorious cause of action, respondent has sufficient facts without the necessity of the examination to enable it to frame a complaint and the order will unduly inconvenience the appellants. We find that respondent has sufficiently established the existence of a meritorious cause of action. Clearly there is here more than mere suspicion of an actionable wrong (cf. *Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582). Nor do we feel here that the lack of an allegation of monetary damages as a result of appellants' conduct is fatal. Surely appellants cannot urge that if respondent establishes the wrong averred that respondent will not have suffered a compensable loss or that rescission of the release or other possible equitable remedies might not lie. Also the apparent interrelationship between the two corporate appellants warrants the exploration of their respective actions and possible interactions concerning the release so that respondent can intelligently frame its complaint and select the desired remedy. Finally, on the facts presently before us we find no merit in appellants' claim of inconvenience.

The order should be affirmed, with $10 costs.

GIBSON, J. P., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.